**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4620**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ANTHONY WATSON,

            Defendant – Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:12-cr-00390-MOC-1)

───────────

Submitted:  January 22, 2015         Decided:  February 6, 2015

───────────

Before KING, DUNCAN, and FLOYD, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Arza Feldman, FELDMAN & FELDMAN, Uniondale, New York, for Appellant.  Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Watson appeals the five concurrent 235-month sentences imposed by the district court following his guilty plea to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2012). On appeal, Watson contends that the district court erred in applying a threat of death enhancement in calculating the offense level applicable to one of the robbery counts, rendering that sentence unreasonable. The Government seeks to enforce the appellate waiver provision in Watson's plea agreement. We conclude that Watson validly waived his appellate rights and that the sentencing issue raised on appeal is barred by the waiver provision. We therefore dismiss the appeal on that basis.

We review de novo a defendant's waiver of appellate rights. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record

indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). The magistrate judge's failure to specifically question Watson's understanding of the waiver provision is not, however, dispositive of the question of whether the waiver was knowing and intelligent. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). To answer that question, we consider "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." Id. (internal quotation marks omitted). We will enforce a valid waiver so long as "the issue appealed is within the scope of the waiver." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

After considering the totality of the circumstances, we conclude that Watson's waiver of appellate rights was knowing and intelligent. Further, the sentencing issue Watson raises on appeal falls within the scope of the appellate waiver provision. Therefore, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED